FILED

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| MALDIVES SCUBA DIVING, PVT. LTD, a Maldivian corporation; GUNDI HOLM, an individual, <br><br> Plaintiffs, <br><br> vs. <br><br> INTERMEDIA PUBLICATIONS, INC., a Florida corporation; BRIAN VERBONAC, an individual; DOES 1-100 as users and/or information content providers of SCUBABOARD.COM <br><br> Defendants. | Case No. <br><br> 6:10-CV-173-ORL-28KRS |

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

COMES NOW PLAINTIFFS MALDIVES SCUBA DIVING, PVT. LTD AND GUNDI HOLM, and upon knowledge as to their own acts and upon information and belief as to the acts of others, alleges:

I.

**NATURE OF THE ACTION**

1.   For the past year and a half, Defendants have waged a systematic and devastatingly effective war of words against Plaintiffs and their businesses. The tip of the spear is an internet message board located at www.ScubaBoard.com, which is owned and operated by Defendant Intermedia Publications, Inc. Defendants have used ScubaBoard.com to lay siege to Plaintiffs' good name, casting aspersions and imputing criminal actions without regard for truth or consequences.

5988 v3                                                             1

2. The commanding officer of this relentless force is one Brian Verbonac, an officious, mudslinging rumormonger, who apparently has little more to do than dispense vitriol from the safety of his snowbound Canadian fortress. Verbonac fancies himself a white knight and champion of the truth. In reality, he is a callous debaser, set on nothing less than destroying Plaintiffs' reputations and their business.

3. Defendants have publicly vilified Plaintiffs, branding them as "shameful," "money-grubbing" "shysters" who participated in a "cover-up" and should be "tried for manslaughter," given "concrete booties," and "thrown over the side [of a boat]." As a result, Plaintiffs have been publicly disgraced and their once successful business crippled.

4. Plaintiffs now seek this Court's assistance in putting a stop to this onslaught, restoring Plaintiffs' good names and punishing Defendants for their abhorrent behavior.

## II.

## PARTIES AND JURISDICTION

5. Plaintiff Maldives Scuba Diving, Pvt. Ltd is a corporation organized and existing under the laws of the Republic of Maldives and at all times has enjoyed a good reputation in its business.

6. Plaintiff Gundi Holm is a citizen and resident of Austria and at all times has enjoyed a good reputation both generally and in her occupation.

7. Defendant Intermedia Publications, Inc. is a corporation organized and existing under the laws of the state of Florida, with its principal place of business at 380 South SR434, Suite # 1004-283, Altamonte Springs, Florida 32714.

8. Plaintiffs are informed and believe that Defendant Brian Verbonac is a citizen and resident of Canada. Defendant Verbonac maintains systematic and continuous contacts with the State of Florida by virtue of his continuous and deliberate exploitation of a Florida Business to publish false and defamatory allegations concerning Plaintiffs to Florida citizens and the nation as a whole.

9. Plaintiffs are ignorant of the true names and identities of Defendants Does 1 to 100 sued herein as users and/or information content providers of ScubaBoard.com. Plaintiffs are informed and believe and based thereon allege that each of those Defendants is a person or entity responsible in whole or in part for the wrongdoing herein alleged. Plaintiffs are informed and believe and based thereon allege that each of the users and/or information content providers participated in, ratified, endorsed, facilitated, or was otherwise involved in the acts complained of, and that each has liability for such acts. Plaintiffs will amend this Complaint if and when the identities of such persons or entities and the scope of their actions become known.

10. Plaintiffs are informed and believe and based thereon allege that Defendants, and each of them, were the agents, servants and co-conspirators of each of the other Defendants, and at all times herein mentioned, were acting within the knowledge of one another within the purpose, scope and course of their agency, service, employment and conspiracy with the express and/or implied knowledge, permission and consent of the remaining Defendants and approved the acts of one or more of the other Defendants.

11. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship among the parties and the jurisdictional amount in controversy, exclusive of interest and costs, is above $75,000.00.

12. Venue is proper in this District under 28 U.S.C. 1391(b) (2) and (3) because a substantial part of the events giving rise to Plaintiffs' claims occurred in this District; and Defendant Intermedia Publications, Inc. is currently subject to personal jurisdiction in this District and there is no district in which this action may otherwise be brought.

### III.

### FACTS COMMON TO ALL CLAIMS FOR RELIEF

13. Plaintiff Maldives Scuba Diving, Pvt. Ltd ("MSD") is a well-known and respected travel agency specializing in scuba diving excursions in and around the waters of the Republic of Maldives ("Maldives"). The Maldives is a small island country formed by a chain of twenty-six atolls located in the Indian Ocean, 435 miles southwest of Sri Lanka. The Maldives is widely considered to be one of the world's best and most beautiful scuba diving destinations. MSD excursions generally take place aboard one of several independently owned and operated luxury yachts (known as "Liveaboards"), each of which is staffed by local residents of the owner's choosing. The Maldivian economy is highly dependent on tourism and MSD is committed to providing a steady flow of travelers eager to employ the local dive masters and boat operators who depend on companies like MSD for their subsistence.

14. Plaintiff Gundi Holm ("Holm") is MSD's principal. Holm has been an avid scuba-diver for over twenty-four years, logging over 2000 dives. She has been a travel agent for the Maldives since 1995, and has sold thousands of vacations, many to repeating customers who come back year after year. Holm is passionate about supporting the Maldives, where she enjoys a spotless reputation. She is the founding member and official representative of the "Liveaboard Association of Maldives," through which she promotes the country and its people.

15. Plaintiffs are informed and believe and based thereon allege that Defendant Intermedia Publications, Inc. ("Intermedia") owns and operates an Internet Forum for scuba diving enthusiasts located at http://www.scubaboard.com/forums/ ("ScubaBoard").

16. An Internet Forum is an online discussion group generally consisting of a tree like directory structure containing topics, or "threads," and inside those threads, "posts." Internet Forums are organized into a finite set of generic topics (usually with one main topic) driven and updated by a group known as "members," and governed by a group known as "moderators."

17. A post is a user submitted message enclosed into a block containing the user's details and the date and time it was submitted. Posts are contained in threads, where they appear as boxes one after another. The first post starts the thread. Posts that follow in the thread are meant to continue discussion about that post, or respond to other replies.

18. As an Internet Forum, ScubaBoard allows its registered members to publish posts to threads concerning "all things related to scuba diving." ScubaBoard's members are Scuba enthusiasts and, therefore, MSD's target clientele.

19. While any member of the public with a computer and Internet access may view ScubaBoard threads, only registered users may post to them.

20. ScubaBoard's registration process involves a series of drop-down boxes, text-entry boxes, combo boxes, and click-wrap agreements, through which a user verifies his or her age, agrees to ScubaBoad's terms of service ("TOS"), enters a valid email address, and creates a unique user name and password. Members may also post personal information about themselves, including their location, number of dives logged, and their diving skill level.

21. ScubaBoard's TOS inform registered users that ScubaBoard's discussion forums are monitored by moderators, who not only "have the last word in any dispute and are responsible for interpreting the TOS," but also may, at their discretion, "edit or delete: avatars, pictures, signatures, posts and threads. Plaintiffs are informed and believe and based thereon allege that these moderators are agents and/or employees of Intermedia.

22. Plaintiffs are informed and believe and based thereon allege that Defendant Brian Verbonac ("Verbonac") is a registered user of ScubaBoard, utilizing several different user names, including "kuhnuk," and "galguppy."

23. Plaintiffs are informed and believe and based thereon allege that the ScubaBoard members posting under the usernames "Leslie Finnegan," "BrianMered," "peterbj7," "DandyDon," and "Apollo" are all agents or employees of Intermedia, or

made the postings at issue at Intermedia's direction. Therefore, Intermedia is responsible, in whole or in part, for the creation or development of the false and defamatory content provided through ScubaBoard, as alleged below.

24. On May 22, 2008, an unfortunate accident took place upon one of the independently owned and operated yachts for which MSD had acted as travel agent, wherein a Russian tourist lost his life due to the alleged inadvertence of a crew-member in filling guests' scuba tanks with air.

25. In the intervening months, Defendants created numerous threads dedicated solely to the discussion of the incident and Plaintiffs' supposed involvement in it, including threads entitled: "Strictly Maldives bad air diver death thread & investigation," and "Air testing & Maldives bad air diver death thread." These threads contain posts clearly identify Holm by name.

26. These threads contained hundreds of posts by ScubaBoard members to ScubaBoard containing scurrilous allegations against Defendants.

27. On or about June 9, 2008, Defendants published the following post to ScubaBoard, attributed to a ScubaBoard Member with the user-name "Leslie Finnegan," which stated in part:

> Gundi in my books is ultimately responsible. She vets the operations and knows exactly what is going on. Here in Dubai she would be tried for manslaughter. And rightly so.

28. On or about June 17, 2008, Defendants published the following post to ScubaBoard, attributed to a ScubaBoard Member with the user-name "BrianMered," which stated in part:

> This is an extract from MaldivesLiveaboards 'new' website.
>
> *As a member of the Maldives Liveaboards Association we operate our ships following the highest standards in the industry. In over 15 years we have served thousands of satisfied guests and pride ourselves to be the most trusted name in liveaboard dive cruises in the Maldives. This is experience you can trust!*
>
> This woman has no concience and certainly no respect for the deceased and his family. I tried to post a comment in the MaldivesLiveaboard Guestbook but the web site is no longer accessible. I tried posting a comment in the new guestbook with a link to this thread but guess what.....nocando.....
>
> Unforgiveable.....Brian

29. On or about June 17, 2008, Defendants published the following post to ScubaBoard, attributed to a ScubaBoard Member with the user-name "peterbj7," which stated in part:

> I'm afraid this is going to do a great deal of damage to the Maldives as a dive destination, unless other operators there distance themselves from this shyster.

30. On or about September 15, 2008, Defendants published the following post to ScubaBoard, attributed to a ScubaBoard Member with the user-name "galguppy," which stated in part:

> The Liveaboard Association of the Maldives, to which Gundi Holm and her company Maldives Liveaboards belong are cut from the same cloth. Arrogant and uncaring .... I just visited their web site ... But I could not find one word about the death of one of their guests and the serious injury of the other guests and dive crew!!! So, the loss of a boat is a sorrow but the death of a person is not worth mentioning. Boy, their website sure illustrates the shallow money-grubbing mindset of the entire Liveaboard Association of the Maldives. Gundi and her group are a shameful bunch indeed.

31. On or about September 15, 2008, Defendants published the following post to ScubaBoard, attributed to a ScubaBoard Member with the user-name "DandyDon," which stated in part:

> Haha pathetic! When they're killing tourists, no problem. When tourists hurt business, big problem. Good move! Got their attention.

32. On or about September 16, 2008 Defendants published the following post to ScubaBoard, attributed to a ScubaBoard Member with the user-name "Apollo," which stated in part:

> Everyone knows about the dangerous safety standards leading to death and injuries of scuba divers in the Maldives, as well as the criminal actions of some tour boats, which seem to be routinely ignored by the Maldives authorities. Now the Canadian Foreign Affairs and International Trade Agency are issuing warnings against diving in the Maldives. For the latest on the coverup scandal that has been going on in the Maldives, check this discussion.

33. On or about July 26, 2009, Defendants published the following post to ScubaBoard, attributed to a ScubaBoard Member with the user-name "galguppy," which stated in part:

> Hi all. I too believe this thread should be kept open and current - not only to make others aware to stay away from any tours and boats Gundi Holm is involved in but to remind everyone that there are unscrupulous operators buying expensive ads in dive magazines. A pretty boat does not necessarily make a safe operator. And the safety standards and laws you probably enjoy in your own country do not necessarily apply throughout the world. Check each operator out!!

34. On or about December 1, 2009, Defendants published the following post to ScubaBoard, attributed to a ScubaBoard Member with the user-name "kuhnuk," which stated in part:

> Many world-wide divers posted comments last year pertaining to a death and subsequent abhorrent behaviour of the boats owner....an Austrian named Gundi Holm. There is a lot of information in the "Accidents and Incidents" forum....see threads named..." Strictly Maldives bad air diver death" and "In Memory of Roman Rudakov" This operator attempted to deny,deflect,ignore and otherwise make a complete sham of responsibility and accountability for a death directly attributed to her non-compliance of basic safety rules. Many of us predicted she would go "underground", wait for a period of time and emerge as another name/company. Well...it's happened...following is the link to Gundi Holm's new Maldives based scuba travel company...
>
> Maldives Dive Travel - Best price maldives liveaboard scuba diving holidays
>
> Divers Beware.....Read the posts above and give this operator the widest possible avoidance....

35. On or about December 3, 2009, Defendants published the following post to ScubaBoard, attributed to a ScubaBoard Member with the user-name "DandyDon," which stated in part:

> I really am surprised that the person is back in the same business under her own name. That little country really must lack safety standards and controls. I really thot [sic] I'd be receiving news about her having a personal accident somewhere.

36. On or about March 11, 2008, Defendants published the following post to ScubaBoard, attributed to a ScubaBoard Member with the user-name "BrianMered," which stated in part:

> I've just been admonished ...... by NetDoc
>
> "Had Gundi been present during our week on board she would now be wearing concrete booties, an extra weight belt or two, and be thrown over the side"....
>
> that was posted in the thread about the bannai Explorer has been deleted. We don't allow threats, implied or real on ScubaBoard. I also deleted a

thread where you were taunting Gundi. That has no place here either.
NetDoc

37. The above postings remain accessible to the public as they are currently available for viewing on the ScubaBoard website.

38. Defendants' posts have linked Holm with scuba tanks filled with "bad air," a heinous and notorious act in the scuba community, as the most important aspect of any scuba dive is the quality of the air that the divers breathe while below the water. As a result Holm has been labeled a liar, cheat and murderer, and has been ostracized by the scuba community within which she once maintained an excellent reputation and standing.

V.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
### Defamation – Libel Against All Defendants

39. Plaintiffs incorporate herein by reference paragraphs 1 through 38 of this complaint.

40. Each of the above publications was made of and concerning Plaintiffs and was so understood by those who read the publications.

41. The above postings are false as they pertain to Plaintiffs.

42. Further, the above postings are libelous *Per Se* as they charge Plaintiffs with dishonesty and with committing murder and/or manslaughter.

43. As a proximate result of the above-described publication, Plaintiffs have suffered loss of their reputation, shame, mortification, and hurt feelings all to their great injury and damage, in an amount to be determined at trial.

44. Defendants' acts as alleged above were willful, wanton, malicious, and oppressive, and justify the awarding of exemplary and punitive damages.

## SECOND CLAIM FOR RELIEF
### Trade Libel – Against All Defendants

45. Plaintiffs incorporate herein by reference paragraphs 1 through 44 of this complaint.

46. Defendants willfully, without justification, and without privilege published to other persons the above postings of and concerning Plaintiffs' business and were so understood by those who read the statements.

47. Defendants' postings disparaged Plaintiffs' business by falsely labeling Plaintiffs as dishonest and implicating that Plaintiffs have engaged in criminal acts in the course of their business.

48. As a proximate result of Defendants' publication, prospective customers have been deterred from utilizing Plaintiffs' services as described above and from otherwise dealing with Plaintiffs, and Plaintiffs have thereby suffered injury to their business and pecuniary loss in an amount to be proven at trial.

49. Defendants' acts as alleged above were willful, wanton, malicious, and oppressive, and justify the awarding of exemplary and punitive damages.

## THIRD CLAIM FOR RELIEF
### Intentional Infliction of Emotional Distress – Against All Defendants

50. Plaintiffs incorporate herein by reference paragraphs 1 through 49 of this complaint.

51. Defendants conduct as alleged above was intentional and malicious and done for the purpose of causing Holm to suffer humiliation, mental anguish, and emotional and physical distress. Defendants' posts have linked Holm with scuba tanks filled with "bad air," a heinous and notorious act in the scuba community, as the most important aspect of any scuba dive is the quality of the air that the divers breathe while below the water. As a result Holm has been labeled a liar, cheat and murderer, and has been ostracized by the scuba community within which she once maintained an excellent reputation and standing.

52. Defendants' conduct was not privileged, legally justified, or excused. Further, Defendants' conduct was so extreme, unreasonable and outrageous in character and degree as to go beyond all possible bounds of decency and to be regarded as atrocious and utterly intolerable in a civilized community. By engaging in such conduct, Defendants intentionally and recklessly ignored and/or disregarded the foreseeable risk that Holm would suffer extreme emotional distress as a result of Defendants' conduct.

53. As a direct and proximate result of Defendants' conduct, Holm has suffered and continues to suffer actual damages as described herein including damages for lost profits and loss of past and future earnings and/or earning capacity, in an amount to be determined at trial. In addition, Holm has suffered non-economic damages (e.g., past and future mental anguish, emotional distress, injury to reputation and physical pain) as described herein to her detriment and damage, in an amount to be determined at trial.

54. Further, Defendants' acts as alleged above were willful, wanton, malicious, and oppressive, and justify the awarding of exemplary and punitive damages.

### FOURTH CLAIM FOR RELIEF
### Intentional Interference with Prospective Economic Relations – Against All Defendants

55. Plaintiffs incorporate herein by reference paragraphs 1 through 54 of this complaint.

56. Plaintiffs were in economic relationships that would have resulted in an economic benefit to Plaintiffs. Defendants knew of the relationships and engaged in wrongful conduct as alleged above intended to disrupt those relationships. As a result, those relationships were disrupted.

57. Plaintiffs were harmed and Defendants' wrongful conduct was a substantial factor in causing Plaintiffs' harm.

58. As a direct and proximate result of Defendants' conduct, Plaintiffs have been damaged in an amount to be proven at trial.

59. Further, Defendants' acts as alleged above were willful, wanton, malicious, and oppressive, and justify the awarding of exemplary and punitive damages

### VI.

### DEMAND FOR JURY TRIAL

60. Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiffs hereby demand a jury trial.

### VII.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray judgment against Defendants, jointly and severally, as follows:

A.  For Preliminary and permanent injunctive relief requiring, among other things that

    1.  Intermedia 1) immediately remove all false and defamatory postings referencing Plaintiffs and/or any of their affiliates; and 2) post prominent notices, approved by the Court, on ScubaBoard (i) apprising the public of the actions facilitated by them as described in this Complaint, (ii) apologizing to Plaintiffs and all other persons who have been damaged or injured, and (iii) apprising the public of remedial and corrective actions taken by them.

    2.  Intermedia immediately obtain and provide to Plaintiffs the names and identities of the ScubaBoard members mentioned herein;

B.  For actual damages, including but not limited to monetary damages and the value of Holm's emotional distress and suffering, and Plaintiffs loss of reputation and loss of potential business opportunities, in an amount in excess of Ten Million Dollars ($10,000,000);

C.  For punitive and/or enhanced compensatory damages;

D.  For costs of suit incurred herein; and

E.  For such further relief as the Court deems just and proper.

Dated: January 29, 2010

Respectfully Submitted,

/s/ Eric S. Golden

Eric S. Golden (Florida Bar No. 0146846)
BURR & FORMAN, LLP
450 South Orange Avenue
CNL Center I, Suite 200
Orlando, Florida 32801
Telephone: (407) 244-0888
Facsimile: (407) 386-3407
Email: egolden@burr.com

and

Gary Jay Kaufman, Esq. (*pro hac vice* pending)
Colin Hardacre, Esq. (*pro hac vice* pending)
Trial Counsel
The Kaufman Law Group
1901 Avenue of the Stars, Suite 1010
Los Angeles, CA 90067
Telephone: (310) 286-2202
Facsimile: (310) 712-0023
Email: gary@kaufmanlawgroupla.com

Attorneys for Plaintiffs, Maldives Scuba Diving, Pvt. Ltd and Gundi Holm