UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MALDIVES SCUBA DIVING, PVT. LTD, a
Maldivian corporation; GUNDI HOLM, an
individual,

       Plaintiffs,

vs.

INTERMEDIA PUBLICATIONS, INC., a
Florida corporation; BRIAN VERBONAC,
an individual; DOES 1-100 as users and/or
information content providers of
SCUBABOARD.COM,

       Defendants.
_____/

CASE NO. 6:10-CV-173-ORL-28KRS

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT
INTERMEDIA PUBLICATIONS, INC.**

Defendant Intermedia Publications, Inc., by and through its undersigned attorney, answers the Complaint filed by Plaintiffs herein, and state:

**I. NATURE OF THE ACTION**

1. In response to the allegations contained in paragraph 1, Defendant admits only that it owns and operates an internet message board located at www.scubaboard.com. Defendant denies the remaining allegations because they are conclusory, argumentative, impertinent and scandalous and do not permit a factual response.

2. Defendant denies the allegations in paragraph 2 because they are conclusory, argumentative, impertinent and scandalous and do not permit a factual response.

3. In response to the allegations contained in paragraph 3, Defendant has no knowledge as to whether Plaintiffs have been publicly disgraced or whether their business has been "crippled." Defendant denies all remaining allegations in said paragraph.

4. In response to the allegations contained in paragraph 4, Defendant admits that Plaintiffs are seeking the Court's assistance, but denies that Plaintiffs are entitled to the assistance requested.

## II. PARTIES AND JURISDICTION

5. Defendant is without knowledge as to the allegations contained in paragraph 5.

6. Defendant is without knowledge as to the allegations contained in paragraph 6.

7. Defendant admits that it is a Florida corporation, but denies that its principal place of business is at the address alleged by Plaintiffs.

8. Defendant is without knowledge as to the allegations contained in paragraph 8.

9. Defendant is without knowledge of the unnamed defendants to whom Plaintiffs refer in paragraph 9, but denies all of the allegations of wrongdoing alleged in said paragraph.

10. Defendant denies each and every allegation contained in paragraph 10.

11. In response to the allegations contained in paragraph 11, Defendant admits diversity of citizenship only as between it and Plaintiffs. All remaining allegations in said paragraph are denied.

12. In response to the allegations contained in paragraph 12, Defendant admits only that it is subject to personal jurisdiction in this District. All remaining allegations in said paragraph are denied.

## III. FACTS COMMON TO ALL CLAIMS FOR RELIEF

13. In response to the allegations contained in paragraph 13, Defendant admits only that the Maldives is a country comprised of a chain of islands located in the Indian Ocean. Defendant is

without knowledge as to all of the remaining allegations in said paragraph.

14. Defendant is without knowledge as to all of the allegations contained in paragraph 14.

15. Defendant admits the allegations contained in paragraph 15.

16. Defendant admits the accuracy of the description of internet forums contained in paragraph 16, but denies that forums are "governed" by "moderators."

17. Defendant admits the accuracy of the description of posts contained in paragraph 17.

18. In response to the allegations contained in paragraph 18, Defendant admits that it permits registered members to post messages on issues related to scuba diving, but is without knowledge as to Plaintiff MSD's "target clientele."

19. Defendant admits the allegations contained in paragraph 19.

20. Defendant admits the allegations contained in paragraph 20.

21. In response to the allegations contained in paragraph 21, Defendant admits that it utilizes volunteer moderators to assist in maintaining civility in the discussion forums, but denies that said moderators monitor all of the posts on its forums or that they are either agents or employees of Defendant.

22. In response to the allegations contained in paragraph 22, Defendant admits only that Defendant Brian Verbonac is a registered user of ScubaBoard.

23. Defendant denies each and every allegation contained in paragraph 23.

24. In response to the allegations contained in paragraph 24, Defendant admits that it is aware of reports of the incident described from a variety of sources, but is without knowledge as to the details of the incident, the results of any official investigations or inquiries or the ownership and operation of the vessel involved.

25. In response to the allegations contained in paragraph 25, Defendant denies that it created any threads relating to the incident described, but admits that threads were initiated by posters and that the threads contained posts identifying Plaintiff Gundi Holm.

26. In response to the allegations contained in paragraph 26, Defendant is without knowledge as to the number of posts relating to the incident, and denies that Defendants were the subject of "scurrilous allegations" in any of the posts.

27. In response to the allegations contained in paragraph 27, Defendant admits that the post described by Plaintiffs appeared in the forum, but states that Plaintiffs have quoted only a portion thereof.

28. In response to the allegations contained in paragraph 28, Defendant admits that the post described by Plaintiffs appeared in the forum, but states that Plaintiffs have quoted only a portion thereof.

29. In response to the allegations contained in paragraph 29, Defendant admits that the post described by Plaintiffs appeared in the forum, but states that Plaintiffs have quoted only a portion thereof.

30. In response to the allegations contained in paragraph 30, Defendant admits that the post described by Plaintiffs appeared in the forum, but states that Plaintiffs have quoted only a portion thereof.

31. In response to the allegations contained in paragraph 31, Defendant admits that the post described by Plaintiffs appeared in the forum, but states that Plaintiffs have quoted only a portion thereof.

32. In response to the allegations contained in paragraph 32, Defendant admits that the post

described by Plaintiffs appeared in the forum, but states that Plaintiffs have quoted only a portion thereof.

33. In response to the allegations contained in paragraph 33, Defendant admits that the post described by Plaintiffs appeared in the forum, but states that Plaintiffs have quoted only a portion thereof.

34. In response to the allegations contained in paragraph 34, Defendant admits that the post described by Plaintiffs appeared in the forum, but states that Plaintiffs have quoted only a portion thereof.

35. In response to the allegations contained in paragraph 35, Defendant admits that the post described by Plaintiffs appeared in the forum, but states that Plaintiffs have quoted only a portion thereof.

36. In response to the allegations contained in paragraph 36, Defendant admits that the post described therein was removed by Defendant because it was deemed to violate Defendant's Terms of Service regarding real or implied threats against an individual.

37. Defendant admits that the posts described by Plaintiffs remain available on the forum, with the exception of those posts removed for non-compliance with Defendant's Terms of Service.

38. In response to the allegations contained in paragraph 38, Defendant denies that it has posted any of the comments of which Plaintiffs complain and further denies that the publication of said comments has proximately resulted in any damage to the reputation and standing of Plaintiff Gundi Holm.

**V. CLAIMS FOR RELIEF**

**FIRST CLAIM FOR RELIEF**

**Defamation-Libel Against All Defendants**

39. Defendant realleges its answers to paragraphs 1 through 38.

40. Defendant denies the allegations contained in paragraph 40.

41. Defendant denies the allegations contained in paragraph 41.

42. Defendant denies the allegations contained in paragraph 42.

43. Defendant denies the allegations contained in paragraph 43.

44. Defendant denies the allegations contained in paragraph 44.

**SECOND CLAIM FOR RELIEF**
**Trade Libel-Against All Defendants**

45. Defendant realleges its answers to paragraphs 1 through 44.

46. Defendant denies the allegations contained in paragraph 46.

47. Defendant denies the allegations contained in paragraph 47.

48. Defendant denies the allegations contained in paragraph 48.

49. Defendant denies the allegations contained in paragraph 49.

**THIRD CLAIM FOR RELIEF**
**Intentional Infliction of Emotional Distress-Against All Defendants**

50. Defendant realleges its answers to paragraphs 1 through 49.

51. Defendant denies the allegations contained in paragraph 51.

52. Defendant denies the allegations contained in paragraph 52.

53. Defendant denies the allegations contained in paragraph 53.

54. Defendant denies the allegations contained in paragraph 54.

**FOURTH CLAIM FOR RELIEF**
**Intentional Interference with Prospective Economic Relations-Against All Defendants**

55. Defendant realleges its answers to paragraphs 1 through 54.

56. Defendant denies the allegations contained in paragraph 56.

57. Defendant denies the allegations contained in paragraph 57.

58. Defendant denies the allegations contained in paragraph 58.

59. Defendant denies the allegations contained in paragraph 59.

## AFFIRMATIVE DEFENSES

Defendant alleges the following Affirmative Defenses to Plaintiffs' claims for relief:

1. Defendant is and was at all times material hereto an internet service provider as defined in the Communications Decency Act of 1996 and has neither created nor developed any of the posts alleged by Plaintiffs to be defamatory. Accordingly, all of Plaintiffs' claims against Defendant are barred under the provisions of 47 U.S.C. § 230.

2. All of the posts alleged by Plaintiffs to be defamatory constitute statements of opinion on matters of public interest and are protected under the Free Speech Clause of the First Amendment to the Constitution of the United States.

3. The posts alleged by Plaintiffs to be defamatory are actually true to the extent that they describe an incident in which a scuba diver lost his life as a consequence of breathing contaminated air provided by the crew of a liveaboard dive vessel operating under the actual or implied authority and control of Plaintiffs.

4. Plaintiffs have materially and substantially contributed to the damages to their business and professional reputation alleged in the Complaint by producing and disseminating advertising and promotional materials suggesting to reasonable persons within the scuba diving community that the vessel upon which the death of a scuba diver occurred was either owned by Plaintiffs or operated

under Plaintiffs' exclusive custody and control.

5. Plaintiffs are not entitled to any relief as to this Defendant because the internet forum in which the allegedly defamatory posts appeared is subject to published Terms of Service which provide express notice to Plaintiffs and to the public at large of the following disclaimer: "All posts are the opinions of their respective authors and do not necessarily reflect the views of ScubaBoard. We are not responsible for posts' content, authenticity or accuracy."

6. Plaintiffs have failed to state a cause of action for either temporary or permanent injunctive relief as a matter of law because they have not alleged ultimate facts sufficient to establish the elements of an injunction claim.

7. The Complaint improperly includes claims for punitive damages in that Plaintiffs have failed to satisfy the requirements for such claims set forth in Section 768.72 of the Florida Statutes.

8. Plaintiffs are not entitled to relief under the First and Second Claims as a matter of law for having failed to satisfy the conditions precedent set forth in Section 770.01 of the Florida Statutes.

9. Plaintiffs' Second, Third and Fourth Claims fail to state causes of action because each claim in turn incorporates in wholesale fashion all of the allegations contained in each and every previous claim.

10. All of the posts alleged by Plaintiffs to have been defamatory are qualifiedly privileged because Plaintiffs were and are public figures within the scuba diving community and the posts concerned subject matter, to-wit, diver safety, of particular interest to members of said community, were made in good faith and were published in a medium designed specifically for, and intended to be utilized by, members of said community.

11.  Plaintiffs' Third Claim for Relief does not state a cause of action on behalf of Plaintiff corporation because an entity is incapable of sustaining emotional distress or injury as a matter of law.

12.  The damages alleged by Plaintiffs' in each cause of action were substantially the result of statements and actions of third parties wholly beyond the control of any of the Defendants, including the publication of stories in both the print and electronic media in various countries, official warnings to scuba divers issued by government agencies and public investigations undertaken by one or more agencies of the government of the Republic of Maldives.

Wherefore, Defendant requests entry of judgment in its favor as to all claims and an award of the costs of this action.

>                s/ Michael J. Appleton
>                Michael J. Appleton, Esq.
>                Florida Bar No. 167413
>                Trial Counsel for Defendant Intermedia
>                Appleton Law Offices, P.A.
>                320 Grove Avenue
>                Winter Park, Florida 32789
>                Telephone: 407-481-9500
>                Facsimile:  866-447-4305
>                Email: mappleton@appletonlaw.net

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on March 29, 2010 I electronically filed the foregoing Answer and Affirmative Defenses of Defendant Intermedia Publications, Inc. with the Clerk of the Court by using the CM/ECF system, which automatically provides notice of filing to Eric S. Golden, Esq.,

Burr & Forman, LLP, 450 South Orange Avenue, CNL Center I, Suite 200, Orlando, Florida 32801 and Gary Jay Kaufman, Esq. and Colin Hardacre, Esq., The Kaufman Law Group, 1901 Avenue of the Stars, Suite 1010, Los Angeles, California 90067 and by U.S. mail to the following non-ECF participant: Mr. Brian Verbonac, 29 Morgan Heights Drive, P1H1B7, Huntsville, Ontario, Canada.

s/ Michael J. Appleton